# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LPC COMMERCIAL SERVICES, INC., | Civil Action No.:  1:25-cv-01321 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| THOR GATEWAY I & II, LLC; THOR GATEWAY I & II, LP; THOR GATEWAY I & II OWNER, LLC; THOR GATEWAY INVESTMENT LLC; THOR GATEWAY INVESTOR MEMBER HOLDINGS LLC; THOR GATEWAY INVESTOR MEMBER LLC; THOR EQUITIES GROUP LLC; THOR EQUITIES INC.; THOR EQUITIES, LLC; THOR EQUITIES RN LLC; THOR EQUITIES SECURITIES, LLC; THOR EQUITIES ENVIRONMENTAL LLC; and JOSEPH J. SITT, | |
| Defendants. | |

Plaintiff LPC COMMERCIAL SERVICES, INC. ("LPC"), by and through its undersigned attorney, hereby alleges as follows:

## PARTIES

1.      Plaintiff LPC is a Texas corporation with an address at c/o Lincoln Property Company, 370 Lexington Avenue, Suite 608, New York, New York 10017.

2.      Defendant THOR GATEWAY I & II, LLC ("Thor Gateway LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

3.      Upon information and belief, Defendant THOR GATEWAY I & II, LP ("Thor Gateway LP") is a Delaware limited partnership with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

4.    Upon information and belief, Defendant THOR GATEWAY I & II OWNER, LLC ("Thor Gateway Owner LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

5.    Upon information and belief. Defendant THOR GATEWAY INVESTMENT LLC ("Thor Gateway Investment LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

6.    Upon information and belief, Defendant THOR GATEWAY INVESTOR MEMBER HOLDINGS LLC ("Thor Gateway Investor Member LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

7.    Upon information and belief, Defendant THOR EQUITIES GROUP LLC ("Thor Equities Group LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

8.    Upon information and belief, Defendant THOR EQUITIES INC. ("Thor Equities Inc.") is a Delaware corporation with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

9.    Upon information and belief, Defendant THOR EQUITIES, LLC ("Thor Equities LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

10.    Upon information and belief, Defendant THOR EQUITIES RN LLC ("Thor Equities RN LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

11.    Upon information and belief, Defendant THOR EQUITIES SECURITIES, LLC ("Thor Equities Securities LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

12.     Upon information and belief, Defendant THOR EQUITIES ENVIRONMENTAL LLC ("Thor Equities Environmental LLC") is a Delaware limited liability company with an address at c/o Thor Equities Group, 25 West 39th Street, New York, New York 10018.

13.     Upon information and belief, Defendant JOSEPH J. SITT ("Sitt") is the Chief Executive Officer and Founder of all co-Defendants with an address at 25 West 39th Street, Fl 16, New York, New York 10018.

**JURISDICTION**

14.     This Court has original jurisdiction of this action under 28 U.S.C. §1332.

**VENUE**

15.     Venue is proper under 28 U.S.C. 1391(b) as it is where:  (i) Sitt resides; (ii) in which a substantial part of the events or omissions giving rise to the claim occurred; and (iii) a substantial part of property that is the subject of the action is situated.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract As Against Thor Gateway LLC)**

16.     On or around November 28, 2023, Plaintiff and Thor Gateway LLC entered into a Property Management Agreement (the "11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement") whereby Plaintiff was retained to perform management, operation, supervision, repair and maintenance services at a property located at 127-137 East 125th Street and 124-32 East 126th Street, New York, New York (the "Property") in consideration of a Management Fee equal to two and one-half percent of gross income from the Property but for no less than $5,000.00 per month (a true and correct copy of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement is attached as Ex. A).

17.     After Plaintiff put Thor Gateway LLC on notice on July 26, 2024 of Thor Gateway LLC's default in payments owed to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement, Plaintiff, on October 10, 2024, notified Thor Gateway LLC that Plaintiff would terminate the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement should Thor

Gateway LLC not cure its default of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement by paying Plaintiff the amount of $121,942.15 due and owing to Plaintiff (the "10/10/24 Default Notice," a true and correct copy of which is attached as Ex. B).

18.    To date, Thor Gateway LLC has not cured the default and there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 10/10/24 Default Notice in the amount of $121,942.15.

19.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 10/10/24 Default Notice despite repeated demands to do so.

20.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement.

21.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated As Against Thor Gateway LLC)

22.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

23.    Thor Gateway LLC received and retained the 10/10/24 Default Notice and did not object within a reasonable time.

24.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Gateway LP)

25.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

26.     At all times herein mentioned, Thor Gateway LP exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

27.     At all times herein mentioned, Thor Gateway LP disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

28.     At all times herein mentioned, Thor Gateway LP failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

29.     At all times herein mentioned, Thor Gateway LP intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

30.     At all times herein mentioned, Thor Gateway LP purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

31.     At all times herein mentioned, Thor Gateway LP shared common office space and telephone numbers of Thor Gateway LLC.

32.     To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

33.     Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

34.     Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

35.     As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway LP in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Piercing The Corporate Veil As Against Thor Gateway Owner LLC)**

36.     Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

37.     At all times herein mentioned, Thor Gateway Owner LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

38.     At all times herein mentioned, Thor Gateway Owner LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

39.     At all times herein mentioned, Thor Gateway Owner LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

40.     At all times herein mentioned, Thor Gateway Owner LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

41.     At all times herein mentioned, Thor Gateway Owner LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

42.     At all times herein mentioned, Thor Gateway Owner LLC shared common office space and telephone numbers of Thor Gateway LLC.

43.     To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

44.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

45.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

46.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway Owner LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Gateway Investment LLC)

47.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

48.    At all times herein mentioned, Thor Gateway Investment LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

49.    At all times herein mentioned, Thor Gateway Investment LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

50.    At all times herein mentioned, Thor Gateway Investment LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

51.     At all times herein mentioned, Thor Gateway Investment LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

52.     At all times herein mentioned, Thor Gateway Investment LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

53.     At all times herein mentioned, Thor Gateway Investment LLC shared common office space and telephone numbers of Thor Gateway LLC.

54.     To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

55.     Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

56.     Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

57.     As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway Investment LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Gateway Investor Member LLC)

58.     Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

59.    At all times herein mentioned, Thor Gateway Investor Member LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

60.    At all times herein mentioned, Thor Gateway Investor Member LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

61.    At all times herein mentioned, Thor Gateway Investor Member LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

62.    At all times herein mentioned, Thor Gateway Investor Member LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

63.    At all times herein mentioned, Thor Gateway Investor Member LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

64.    At all times herein mentioned, Thor Gateway Investor Member LLC shared common office space and telephone numbers of Thor Gateway LLC.

65.    To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

66.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

67.     Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

68.     As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Gateway Investor Member LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Equites Group LLC)

69.     Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

70.     At all times herein mentioned, Thor Equities Group LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

71.     At all times herein mentioned, Thor Equities Group LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

72.     At all times herein mentioned, Thor Equities Group LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

73.     At all times herein mentioned, Thor Equities Group LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

74.     At all times herein mentioned, Thor Equities Group LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

75.     At all times herein mentioned, Thor Equities Group LLC shared common office space and telephone numbers of Thor Gateway LLC.

76.     To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

77.     Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

78.     Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

79.     As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities Group LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Piercing The Corporate Veil As Against Thor Equities Inc.)**

80.     Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

81.     At all times herein mentioned, Thor Equities Inc. exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

82.     At all times herein mentioned, Thor Equities Inc. disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

83.     At all times herein mentioned, Thor Equities Inc. failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

84.     At all times herein mentioned, Thor Equities Inc. intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

85.     At all times herein mentioned, Thor Equities Inc. purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

86.     At all times herein mentioned, Thor Equities Inc. shared common office space and telephone numbers of Thor Gateway LLC.

87.     To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

88.     Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

89.     Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

90.     As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities Inc. in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Equities LLC)

91.     Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

92.     At all times herein mentioned, Thor Equities LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

93.     At all times herein mentioned, Thor Equities LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

94.    At all times herein mentioned, Thor Equities LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

95.    At all times herein mentioned, Thor Equities LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

96.    At all times herein mentioned, Thor Equities LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

97.    At all times herein mentioned, Thor Equities LLC shared common office space and telephone numbers of Thor Gateway LLC.

98.    To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

99.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

100.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

101.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Equities RN LLC)

102.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

103.    At all times herein mentioned, Thor Equities RN LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

104.    At all times herein mentioned, Thor Equities RN LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

105.    At all times herein mentioned, Thor Equities RN LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

106.    At all times herein mentioned, Thor Equities RN LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

107.    At all times herein mentioned, Thor Equities RN LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

108.    At all times herein mentioned, Thor Equities RN LLC shared common office space and telephone numbers of Thor Gateway LLC.

109.    To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

110.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

111.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

112.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities RN LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Thor Equities Securities LLC)

113.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

114.    At all times herein mentioned, Thor Equities Securities LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

115.    At all times herein mentioned, Thor Equities Securities LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

116.    At all times herein mentioned, Thor Equities Securities LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

117.    At all times herein mentioned, Thor Equities Securities LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

118.    At all times herein mentioned, Thor Equities Securities LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

119.    At all times herein mentioned, Thor Equities Securities LLC shared common office space and telephone numbers of Thor Gateway LLC.

120.    To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

121.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

122.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

123.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities Securities LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**(Piercing The Corporate Veil As Against Thor Equities Environmental LLC)**

124.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

125.    At all times herein mentioned, Thor Equities Environmental LLC exercised control and domination over Thor Gateway LLC to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

126.    At all times herein mentioned, Thor Equities Environmental LLC disregarded Thor Gateway LLC's corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

127.    At all times herein mentioned, Thor Equities Environmental LLC failed to adequately capitalize Thor Gateway LP in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

128.    At all times herein mentioned, Thor Equities Environmental LLC intermingled the funds of Thor Gateway LLC in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

129.    At all times herein mentioned, Thor Equities Environmental LLC purposefully diverted funds from Thor Gateway LLC in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

130.    At all times herein mentioned, Thor Equities Environmental LLC shared common office space and telephone numbers of Thor Gateway LLC.

131.    To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

132.    Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

133.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

134.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Thor Equities Environmental LLC in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Piercing The Corporate Veil As Against Sitt)

135.    Plaintiff repeats and realleges the allegations above and below as if fully set forth herein.

136.   At all times herein mentioned, Sitt exercised control and domination over Thor Gateway LLC and/or one or more of Sitt's co-Defendants to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

137.   At all times herein mentioned, Sitt disregarded Thor Gateway LLC and/or one or more of Sitt's co-Defendants' corporate formalities to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

138.   At all times herein mentioned, Sitt failed to adequately capitalize Thor Gateway LLC and/or one or more of Sitt's co-Defendants in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

139.   At all times herein mentioned, Sitt intermingled the funds of Thor Gateway LLC and/or one or more of Sitt's co-Defendants in order to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

140.   At all times herein mentioned, Sitt purposefully diverted funds from Thor Gateway LLC and/or one or more of Sitt's co-Defendants in order to make Thor Gateway LLC judgment-proof to commit a fraud or wrong against Plaintiff that resulted in damage to Plaintiff.

141.   At all times herein mentioned, Sitt shared common office space and telephone numbers of Thor Gateway LLC and/or one or more of Sitt's co-Defendants.

142.   To date, there remains a balance due and owing by Thor Gateway LLC to Plaintiff pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice in the amount of $121,942.15.

143.   Thor Gateway LLC has failed to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice despite repeated demands to do so.

144.    Thor Gateway LLC's failure to pay the balance due and owing to Plaintiff of $121,942.15 pursuant to the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and 10/10/24 Default Notice is a breach of the 11/28/23 Plaintiff/Thor Gateway LLC Property Management Agreement and has damaged Plaintiff.

145.    As a direct result of the above, Plaintiff has been damaged, and continues to be damaged, by Sitt in an amount to be determined at trial, but not less than $121,942.15 plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as follows:

A.    Compensatory damages for Breach of Contract against Thor in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

B.    Compensatory damages for Account Stated against Thor in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

C.    Compensatory damages for Piercing The Corporate Veil against Thor Gateway LP in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

D.    Compensatory damages for Piercing The Corporate Veil against Thor Gateway Owner LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

E.    Compensatory damages for Piercing The Corporate Veil against Thor Gateway Investment LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

F.     Compensatory damages for Piercing The Corporate Veil against Thor Gateway Investor Member LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

G.     Compensatory damages for Piercing The Corporate Veil against Thor Equities Group LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

H.     Compensatory damages for Piercing The Corporate Veil against Thor Equities Inc. in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

I.     Compensatory damages for Piercing The Corporate Veil against Thor Equities LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

J.     Compensatory damages for Piercing The Corporate Veil against Thor Equities RN LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

K.     Compensatory damages for Piercing The Corporate Veil against Thor Equities Securities LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate;

L.     Compensatory damages for Piercing The Corporate Veil against Thor Equities Environmental LLC in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate; and

M.     Compensatory damages for Piercing The Corporate Veil against Sitt in an amount to be determined at trial, but not less than $121,942.15, plus interest, costs, expenses, attorneys fees and disbursements, and all other amounts deemed just and appropriate.

Dated: February 13, 2025
        New York, New York

/s/Jason R. Mischel
Jason R. Mischel, Esq.
201 E. 19th Street, #5L
New York, New York 10003
Tel. (646) 807-9220
Email: jrm@jrmlegalresearch.com

*Attorney for Plaintiff*

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint:  (1) is not being presented for an improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  February 13, 2025
        New York, New York

/s/Jason R. Mischel_____
Jason R. Mischel, Esq.
201 E. 19th Street, #5L
New York, New York 10003
Tel.  (646) 807-9220
E-mail:  jrm@jrmlegalresearch.com

*Attorneys for Plaintiff*